## Rowley *against* Brown, administrator of Webb.

*Monday,*
December
19th.

IN this case an execution was levied upon the real estate of *Webb,* consisting of three tenements and the lot of ground upon which they were erected. The lot was so divided in point of fact, that a portion of it was used with each tenement; but an entire ground rent was payable out of the lot by the deed under which *Webb* held, and there had been no apportionment subsequently agreed upon. The property being condemned, the sheriff sold the whole in one body.

*The sheriff cannot make a lumping sale of distinct parcels of property which he has taken in execution. He should sell them distinctly.*

*Rawle* for the defendant obtained a rule to shew cause why the sale should not be set aside upon the ground that the parcels of property taken in execution were distinct, and should have been sold separately.

(*a*) *Kyd on Awards* 134.

1803.

ROWLEY
v.
BROWN.

*Tod* for the plaintiff now proceeded to shew cause; and after setting forth the facts as above stated, he argued that as there was an undivided ground rent issuing out of the property, it was in fact but one parcel. That it was impossible for either sheriff or plaintiff to say in what manner the ground rent should be apportioned, without which there would be such an uncertainty as to the thing sold, that the defendant would rather lose than gain; and further, that the sheriff was not authorized to say even what portion of the lot should go with each tenement.

*Rawle* in reply, said that it was every day's practice to sell distinctly tenements and lots on which there was an unapportioned ground rent; and to leave the apportionment to subsequent arrangement by the purchasers. The division of the lots in point of fact furnished sufficient boundaries to each portion; they should have been sold as they were then known and occupied. In every case where parcels of property can be sold distinctly, the law for the protection of the debtor prohibits a lumping sale.

Per CURIAM. It is the rule of this court to disallow in every case a lumping sale by the sheriff where from the distinctness of the items of property he can make distinct sales. It is essential to justice and to the protection of unfortunate debtors that this should be the general rule; any other would lead to the most shameful sacrifices of property. There may be exceptions, but the purchaser must bring himself within them. The present case is not one; the tenements and lots were here sufficiently distinct both in law and fact, and there was no reason for deviating from the common practice.

Rule absolute.